1  NICOLA T. HANNA
   United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   POONAM G. KUMAR (Cal. Bar No. 270802)
4  Assistant United States Attorney
   Deputy Chief, Major Frauds Section
5  ALEXANDER C.K. WYMAN (Cal. Bar No. 295339)
   Assistant United States Attorney
6  Major Frauds Section
        1100 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 894-0719/2435
        Facsimile: (213) 894-6269
9       E-mail:    poonam.kumar@usdoj.gov
                   alex.wyman@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12                    UNITED STATES DISTRICT COURT

13                FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 | UNITED STATES OF AMERICA,        | No. CR 18-217(A)-AG
15 |      Plaintiff,                  | GOVERNMENT'S SUPPLEMENTAL POSITION
   |                                  | ON RESTITUTION
16 |      v.                          |
   |                                  | **(UNDER SEAL)**
17 | LI LIN HSU,                      |
   |    aka "Yilin Hsu,"              | Hearing Date: January 28, 2020
18 |    aka "Yilin Hsu Lee,"          | Hearing Time: 11:00 A.M.
   |                                  | Location:     Courtroom of the
19 |      Defendant.                  |               Hon. Andrew
   |                                  |               Guilford
20

21

22      Plaintiff United States of America, by and through its counsel

23 of record, the United States Attorney for the Central District of

24 //

25 //

26

27

28

California and Assistant United States Attorneys Poonam G. Kumar and Alexander C.K. Wyman, hereby files its supplemental position on restitution.

This position is based upon the attached memorandum of points and authorities, the declaration of Assistant United States Attorney Poonam G. Kumar, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 23, 2020            Respectfully submitted,

                                   NICOLA T. HANNA
                                   United States Attorney

                                   BRANDON D. FOX
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                         /s/
                                   POONAM G. KUMAR
                                   ALEXANDER C.K. WYMAN
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

In its original sentencing position, the government requested that the Court order defendant to pay Y.Y.L. and C.L. and their relatives $3,065,698 in restitution.  Since the filing of its restitution position, the government has received additional information, which has changed the government's restitution request.

The PSR found that the intended loss related to Y.Y.L. and C.L. was $4,312,698.  The government concurs with that calculation.  After defendant was indicted in this matter, she returned an Irvine property she purchased with stolen funds to Y.Y.L. and C.L.  As the government set forth in its original sentencing position, the amount Y.Y.L. and C.L. recovered from the sale of the home should offset the total restitution amount owed by defendant to Y.Y.L. and C.L.  Based on documents received from counsel to Y.Y.L. and C.L., the government now understands the final sale price for the property was $1,231,000, rather than the $1,247,000 listed on publicly available websites.  (Declaration of Poonam G. Kumar ("Kumar Decl.") Ex. A.)  Y.Y.L. and C.L. did not receive that amount, however.  From the proceeds of the sale, various charges, including commissions, title, and escrow charges, were deducted.  (Kumar Decl. Ex. A.)  After deduction of these fees, the total amount remitted to counsel for Y.Y.L. and C.L. was $1,203,068.20.  (Kumar Decl. Ex. A.)  Based on a declaration obtained from counsel to Y.Y.L. and C.L., counsel then deducted his fees and expenses (totaling $230,302.48) from the net proceeds and wired $972,765.72 to Y.Y.L. and C.L.  (Kumar Decl. Ex. B.)  The government submits that funds, including attorney's fees, expended in order to recover the Irvine property are appropriately deducted from the final sale price in determining the offset to restitution.

Counsel to Y.Y.L. and C.L. has provided a declaration explaining the work he provided in this matter and the calculation of his fees and costs.  (Kumar Decl. Ex. B.)  Counsel stated that he is unable to distinguish the fees and costs related to the Irvine property and those related to those fees and costs related his clients' civil lawsuit against defendant.  (Kumar Decl. ¶ 4); see United States v. Lagos, 138 S. Ct. 1684, 1688 (2018) (holding that the MVRA does not require defendant pay for expenses incurred by the victim during civil litigation).  Counsel has stated that the only recovery for Y.Y.L. and C.L. thus far has been the Irvine property and, thus, all of his fees and costs should be considered related to the recovery of the Irvine property.  (Kumar Decl. ¶ 4.)  The government submits that the total withheld for future costs ($872) is not appropriately included, and accordingly, based on counsel's declaration and the other facts set forth above, the government respectfully requests that the Court offset the restitution amount owed to Y.Y.L. and C.L. by $973,637.72 and order defendant to pay Y.Y.L. and C.L. $3,339,060.28 in restitution.  A new loss and restitution table is appended hereto under seal.  (Kumar Decl. Ex. C.)